LILLIAN BATEMAN, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT AND CROSSTOWN TRANSPORTATION COMPANY, INCORPORATED, DEFENDANTS.

Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rules, *Henry H. Fryling* and *George F. Seymour, Jr.*

*Contra, Ward & McGinnis.*

PER CURIAM.

This suit was brought by the plaintiff to recover compensation for injuries received by her in the collision of an

auto-bus belonging to the defendant the Public Service Co-ordinated Transport with another auto-bus belonging to the Crosstown Transportation Company. Her claim is that the collision was the result of the joint negligence of the drivers of these two buses. The collision occurred at the intersection of Park avenue and Straight street, in the city of Paterson. The trial resulted in a verdict in her favor and against both of the defendants, the jury awarding her $10,000 as compensation for her injuries. After the rendition of the verdict, each of the defendants applied for and was allowed a rule to show cause why the verdict should not be set aside.

The only contention made before us on the part of the Public Service Co-ordinated Transport is that the award of the jury is excessive. Our examination of the testimony, bearing upon the question of the character and seriousness of the injuries received by the plaintiff, satisfies us that this contention is justified by the proofs.

The Crosstown Transportation Company also attacks the verdict upon the ground of its excessiveness, and further contends that the proofs show that the collision was due entirely to the negligence of the driver of the Public Service Co-ordinated Transport bus and not to any negligence on the part of the driver of its own bus. We consider that, on the proofs submitted, the jury was not in error in finding that the collision was the result of the joint negligence of both drivers.

If the plaintiff will consent to a reduction of the verdict to $7,000, she may enter judgment for that amount. Otherwise the rules to show cause will be made absolute.